1  Diane L. McGimsey (SBN 234953)
   mcgimseyd@sullcrom.com
2  Alexa Lawson-Remer (SBN 268855)
   lawsonr@sullcrom.com
3  **SULLIVAN & CROMWELL LLP**
   1888 Century Park East, Suite 2100
4  Los Angeles, California 90067
   Telephone:  (310) 712-6600
5  Facsimile:   (310) 712-8800

6  *Attorneys for Defendant*
   *Volkswagen Group of America, Inc.*

7

8

9           **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | SETH MANDERS, an individual, | ) | Case No. |
13 |                              | ) |          |
   | Plaintiff,                   | ) | **NOTICE OF REMOVAL BY** |
14 |                              | ) | **DEFENDANT VOLKSWAGEN** |
   | v.                           | ) | **GROUP OF AMERICA, INC.** |
15 |                              | ) | **PURSUANT TO 28 U.S.C. §§ 1331,** |
   | VOLKSWAGEN GROUP OF          | ) | **1441 AND 1446** |
16 | AMERICA, INC., a New Jersey  | ) |          |
   | corporation, LAD-V, LLC, a   | ) |          |
17 | California Limited Liability | ) |          |
   | Company, d/b/a               | ) |          |
18 | VOLKSWAGEN OF                | ) |          |
   | DOWNTOWN L.A.; and DOES      | ) |          |
19 | 1 through 10, inclusive,     | ) |          |
   |                              | ) |          |
20 | Defendants.                  | ) |          |

PLEASE TAKE NOTICE that Defendant Volkswagen Group of America, Inc. ("VWGoA"), through its undersigned counsel, hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. This removal is made pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. The grounds for removal are as follows:

## STATEMENT OF JURISDICTION

1. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 and for the reasons below.

## THE REMOVED ACTION

2. This civil action was filed on September 23, 2019 in the Superior Court of the State of California, County of Los Angeles, a court located within this District, under Case Number 19STCV34080. On September 27, 2019, Plaintiff filed a Notice of Errata Re Exhibits to the Complaint, attaching Exhibits 1 and 2, which had apparently been referenced in, but omitted from, Plaintiff's Complaint when originally filed.

3. VWGoA and Defendant LAD-V LLC were served with the Summons and Complaint on or about September 30, 2019. (*See* Ex. A.) VWGoA answered the Complaint in Los Angeles County Superior Court on October 29, 2019. LAD-V LLC answered the Complaint in Los Angeles County Superior Court on October 30, 2019. VWGoA is not aware of any further proceedings regarding this action in that court. This Notice of Removal is accompanied by the following documents:

- All executed process in this case (Ex. A);
- All pleadings asserting causes of action (*i.e.*, the Complaint) (Ex. B); and

1         •       The Los Angeles County Superior Court docket sheet and documents filed in that court, including VWGoA's and LAD-V LLC's Answers (Ex. C).

4. Other than the documents attached hereto as Exhibits, no pleadings, process, orders or other documents in the case have been served or otherwise received by VWGoA or, to VWGoA's knowledge, are presently on file in the state court. In the event that such filings come to VWGoA's attention, it will immediately file copies in this Court.

5. The Complaint brings claims on behalf of an individual who alleges that he purchased a used 2015 Volkswagen Golf TDI (the "Vehicle"). (Compl. ¶ 27.) The action asserts two theories of wrongdoing: (1) VWGoA allegedly concealed from Plaintiff that the emissions modification approved by the Environmental Protection Agency ("EPA") and the California Air Resources Board ("CARB") for his vehicle "results in a material diminishing of fuel economy and performance compared to what is advertised"; and (2) as relevant to removal, VWGoA repurchased the Vehicle "as part of the TDI Consumer Settlement Program"—a comprehensive series of interrelated orders and settlements approved or entered by Judge Charles R. Breyer of the U.S. District Court for the Northern District of California—which allegedly "ma[de] the vehicle a 'lemon'" whose title had to be branded prior to the Vehicle's resale in California. (*See, e.g.*, Compl. ¶¶ 10-11, 66 ("[T]he vehicle was labelled as 'certified pre-owned' but in fact had been reacquired by Volkswagen as part of the TDI Consumer Settlement Program, making the vehicle a 'lemon.'"); ¶ 108 ("Volkswagen also misrepresented the source of the vehicle by implying that it was a pre-owned vehicle obtained through normal channels (e.g., trade-ins upon purchase of a new vehicle) without disclosing that it

was the result of a buyback of a lemon vehicle as part of the 'dirty diesel' litigation.")).[1]

6.  As the Complaint correctly alleges, the Vehicle was bought back by VWGoA pursuant to *federal orders* entered by Judge Breyer in the Volkswagen emissions-related multidistrict litigation ("MDL") pending in the Northern District of California, *In re: Volkswagen "Clean Diesel" Marketing, Sales Practice, and Products Liability Litigation*, No. 15-MD-02672 (N.D. Cal.) (Breyer, J.). (*See* Partial Consent Decree, Dkt. No. 2103-1 (the "Consent Decree"); Consumer Class Action Settlement Agreement and Release (Amended), Dkt. No. 1685; Partial Stipulated Order for Permanent Injunction and Monetary Judgment Between the Federal Trade Commission and VWGoA, Dkt. No. 2104 (collectively, the "Settlement Orders and Agreements").)

7.  Judge Breyer approved and entered the Settlement Orders and Agreements on October 25, 2016, and VWGoA and its affiliates began implementing the Settlement Orders and Agreements—including the buyback provisions set forth therein—shortly thereafter. (*See* Order Granting the United States' Motion To Enter Proposed Amended Consent Decree, Dkt. No. 2103; Order Granting Final Approval of the 2.0-Liter TDI Consumer and Reseller Dealership Class Action Settlement, Dkt. No. 2102; Partial Stipulated Order for Permanent Injunction and Monetary Judgment Between the Federal Trade Commission and VWGoA, Dkt. No. 2104.)

8.  The Settlement Orders and Agreements established a comprehensive scheme by which VWGoA and its affiliates were required to repurchase (or perform approved emissions modifications) on certain TDI vehicles, including the Vehicle at issue in this action. The Consent Decree—entered into by

---

[1]  Plaintiff's only claim against the dealer-defendant (LAD-V LLC) is for negligent repair, alleging that the dealer failed to fix a problem with the Vehicle during a service visit. (Compl. ¶¶ 151-56.)

-4-

the United States Department of Justice on behalf of the EPA, the State of California by and through CARB and the California Attorney General, and VWGoA and its corporate affiliates—also establishes a specific and comprehensive process for VWGoA to adhere to when modifying repurchased vehicles nationwide and then reselling them in accordance with a resale plan approved by the EPA and CARB.

9. Here, VWGoA bought back, modified and then resold the Vehicle in accordance with the requirements of the Settlement Orders and Agreements approved and entered by Judge Breyer, including the EPA- and CARB- approved resale plan required by the Consent Decree. VWGoA's obligations with respect to the repurchase, modification and subsequent resale of the Vehicle are governed by the Settlement Orders and Agreements—and thus, whether VWGoA was required to brand the Vehicle's title prior to reselling it (the core contention made in Plaintiff's Complaint) is a question that can be answered only by the federal Settlement Orders and Agreements, which set forth the relevant requirements. *See Camillus Clean Air Coalition* v. *Honeywell Int'l, Inc.*, 2013 WL 4774507, at *2 (N.D.N.Y. Sept. 4, 2013) (federal question raised where state-law claims require determination of whether defendant complied with federal consent decree).

10. The federal interest is particularly strong here because the District Court for the Northern District of California entered the Settlement Orders and Agreements, and federal courts have a significant interest in overseeing and monitoring their orders. *See United States* v. *City of Loveland*, 621 F.3d 465, 471-72 (6th Cir. 2010) (federal question exists where court must interpret and enforce its own consent decree); *see also, e.g.,* Consent Decree ¶ 90 ("The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, . . . or effectuating or enforcing compliance with the terms of this Decree.").

**PROCEDURAL ISSUES**

11. Removal is timely under 28 U.S.C. § 1446(b). Plaintiff served VWGoA with the Summons and Complaint on or about September 30, 2019. (*See* Ex. A.) This notice of removal is filed within 30 days thereof. Defendant LAD-V LLC agrees to and joins in the removal of this action.

12. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division where the state court case was pending. The Superior Court of the State of California for the County of Los Angeles is located within the Central District of California.

**JURISDICTION IS PROPER UNDER § 1331**

13. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction exists over state law claims where, as here, "plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal.* v. *Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 27-28 (1983); *see also Grable & Sons Metal Prods., Inc.* v. *Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005) (explaining that a complaint alleging only violations of state law does not bar removal to federal court under federal question jurisdiction if "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities").

14. Plaintiff alleges that VWGoA repurchased the Vehicle "as part of the TDI Consumer Settlement Program" (Compl. ¶¶ 32, 66, 108), referring to the Settlement Orders and Agreements entered by Judge Breyer. (*See* Consent Decree; App'x A to Partial Consent Decree, Dkt. No. 2103-1; Consumer Class Action Settlement Agreement and Release (Amended), Dkt. No. 1685; Partial Stipulated Order for Permanent Injunction and Monetary Judgment Between the Federal Trade

Commission and VWGoA, Dkt. No. 2104; *see also* Order Granting the United States' Motion To Enter Proposed Amended Consent Decree, Dkt. No. 2103, at 6-10; Order Granting Final Approval of the 2.0-Liter TDI Consumer and Reseller Dealership Class Action Settlement, Dkt. No. 2102.)  In his Complaint, Plaintiff seeks (among other things) an injunction requiring VWGoA to "disclose fully, prior to the sales or leases thereof," that all vehicles repurchased pursuant to the Settlement Orders and Agreements are "lemons" and "to immediately brand all vehicles on the lots of [VWGoA's] authorized dealerships."  (Compl. ¶ 119.) Interpretation of the federal Settlement Orders and Agreements entered by Judge Breyer—which set forth the comprehensive scheme under which VWGoA was required to repurchase (or modify), and could subsequently resell, 2.0-liter TDI vehicles, including the Vehicle—is therefore required. *See City of Loveland*, 621 F.3d at 472 (disputed federal issue is raised where "it is impossible to resolve [plaintiff's claims] . . . without analyzing and interpreting the consent decree").

15. This question of federal law is actually disputed. Among other things, VWGoA disputes that the Vehicle's title had to be branded prior to resale. The repurchase and resale of the Vehicle—and of the hundreds of thousands of TDI vehicles located in the United States—was governed by the federal Settlement Orders and Agreements, and VWGoA disputes that the Settlement Orders and Agreements required the branding of title prior to resale.

16. Moreover, this question is substantial and touches on a distinctly federal interest because it requires interpretation of the provisions of the federal Settlement Agreements and Orders. *See Camillus*, 2013 WL 4774507, at *2 ("[W]hether Defendant has complied with [a] Consent Decree . . . raises a substantial federal issue."). Federal courts also have a strong interest in overseeing and monitoring federally approved settlements, as here. *See City of Loveland*, 621 F.3d at 471-72 (federal question exists where court required to interpret and enforce its own consent decree); *see also Camillus*, 2013 WL 4774507, at *3. Allowing a state

1 court—and, potentially, many state courts, since the issue raised by the Complaint is capable of repetition[2]—to interpret the Settlement Orders and Agreements could interfere with the comprehensive repurchase and resale scheme detailed therein and runs the risk of inconsistent application of their requirements in different states. Thus, there is a strong federal interest in hosting this litigation.

17. Additionally, a federal court could hear this case without disturbing any congressionally approved balance of federal and state judicial responsibilities "[b]ecause . . . federal consent decrees, by definition, stem from a matter already within the court's jurisdiction." *See City of Loveland*, 621 F.3d at 471-72 (finding that the district court's jurisdiction over plaintiff's state law claims "would not open the floodgates of litigation that might overwhelm the federal courts" because the matters at issue were already subject to federal consent decrees and therefore already within the court's jurisdiction); *see also Grable*, 545 U.S. at 314; *Camillus*, 2013 WL 4774507 at *3.

18. Finally, this Court can exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as to any state-law claims due to the presence of independent federal subject matter jurisdiction.

**NOTICE TO ADVERSE PARTY AND STATE COURT**

19. Pursuant to 28 U.S.C. § 1446(d), VWGoA is serving written notification of the removal of this case on Plaintiff's counsel (identified below):

Steve Mikhov
Amy Morse
KNIGHT LAW GROUP, LLP
10250 Constellation Blvd, Suite 2500
Los Angeles, California 90067

---

[2] Indeed, another action alleging a similar theory of wrongdoing (*i.e.*, the titles for vehicles bought back pursuant to the Settlement Orders and Agreements must be branded prior to resale) was previously filed against VWGoA and is currently pending in the federal MDL before Judge Breyer.

20. Pursuant to 28 U.S.C. § 1446(d), VWGoA promptly will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Superior Court, Los Angeles County.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, VWGoA hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: October 30, 2019

*/s/* Diane L. McGimsey

Diane L. McGimsey (SBN 234953)
mcgimseyd@sullcrom.com
Alexa Lawson-Remer (SBN 268855)
lawsonr@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

*Attorneys for Defendant*
*Volkswagen Group of America, Inc.*

# CERTIFICATE OF SERVICE

I, Sara L. Carrico, declare:

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action. My business address is Sullivan & Cromwell LLP, 1870 Embarcadero Road, Palo Alto, CA 94303.

On October 30, 2019, I served the following documents described as:

**NOTICE OF REMOVAL BY DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC. PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446**

on the interested parties in this action by placing a copy of these documents in an envelope addressed as follows:

> Steve Mikhov
> Amy Morse
> KNIGHT LAW GROUP, LLP
> 10250 Constellation Blvd., Suite 2500
> Los Angeles, CA 90067

[X]  **BY OVERNIGHT DELIVERY:**  I deposited the documents described above in a sealed envelope, with a prepaid shipping label for express delivery and caused such envelope to be transmitted to an overnight delivery service for delivery by the next business day in the ordinary course of business.

[X]  **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on October 30, 2019, at Palo Alto, California.

_Sara L. Carrico_
Sara L. Carrico